UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 14-20914-Civ-COOKE/TORRES**

ROYAL ACQUISITIONS 001, LLC,
a Florida Limited Liability Company,

  Plaintiff,

vs.

ANSUR AMERICA INSURANCE COMPANY,
a foreign profit corporation,

  Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

  In this breach of contract matter Defendant Ansur America Insurance Company (Ansur) moves to dismiss Plaintiff Royal Acquisitions 001, LLC's Amended Complaint for lack of personal jurisdiction. Defendant's Second Motion to Dismiss is fully briefed and ripe for adjudication. I have reviewed the Motion to Dismiss, the Response and Reply thereto, the record, affidavits, declarations and the relevant legal authorities. For the reasons provided herein, the motion to dismiss is granted.

**I. Background**

  Plaintiff Royal Acquisitions 001, LLC's (Royal) Amended Complaint alleges that general and specific jurisdiction exist over nonresident Defendant Ansur under §§ 48.193(1)(a)(1), (7) and § 48.193(2) because the Defendant (1) entered into a contract with Plaintiff in Florida and sent renewal notices to Plaintiff in Florida, (2) is registered to transact business within the State of Florida, (3) has engaged in written and verbal communications directed to Plaintiff in Florida, (4) accepted insurance premiums from Plaintiff which were sent from Florida, (5) utilized an independent field adjuster with an office in Florida to review and analyze the subject claim, and (6) breached an insurance contract by failing to make payments to Plaintiff in Florida. (EFC No. 15).

  Defendant Ansur submitted an affidavit challenging the court's jurisdiction. As to the

1

insurance policy (the Policy) and its renewals, Defendant's affidavit alleges that Defendant dealt directly with Plaintiff's agent, Caldwell & Langford, an insurance agency located in Thomasville, Georgia, who in turn dealt directly with Plaintiff. (EFC No. 19). Defendant also contends that the initial Policy along with the renewals were sent and delivered to Plaintiff's agent, Caldwell & Langford, in Georgia. Defendant further asserts that it never dealt directly with Plaintiff in the procurement of said policy. *Id.* In response to Defendant's motion, Plaintiff submitted its own affidavits in opposition to Defendant's affidavit. (EFC No. 20). Plaintiff claims that the Policy and renewals were issued and entered into in Florida. *Id.*

Defendant concedes that it is registered to do business in Florida and appointed a registered agent in Florida as required by Fla. Stat. § 624.422. (EFC No. 19). There is no dispute, however, that Defendant is not licensed to insure risks in Florida because it has not registered with the Department of Insurance. (EFC No. 19). Defendant does not do any business in Florida, does not advertise in Florida and has never written insurance in Florida. *Id.* Defendant also has no offices, property, or bank accounts in Florida and it has never had any director, officer, employee, or agents located in Florida.

## II. LEGAL STANDARD

In a diversity action, a federal court may exercise personal jurisdiction over non-resident defendants only to the extent permitted by the forum state's long-arm statute. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890 (11th Cir. 1983). Plaintiff bears the burden to establish a prima facie case of personal jurisdiction over a nonresident defendant. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When a defendant submits affidavits challenging a court's jurisdiction, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction, unless the defense affidavits contain only conclusory assertions. *Id.* Where the plaintiff and defendant submit conflicting evidence and affidavits the court must construe all reasonable inferences in favor of the plaintiff. *Id.* However, the Court may make factual findings necessary to resolve motions to dismiss for lack of personal jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

## III. ANALYSIS

Plaintiff asserts that jurisdiction in this case exists under the following three

sections of § 48.193, Florida's Long Arm Statute:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. Ann. § 48.193 (West 2014).

The determination of whether Florida's long-arm statute provides a basis for jurisdiction over a nonresident defendant involves a two-prong analysis. First, the Court must determine that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. If it does, the Court must then determine whether the defendant has sufficient minimum contacts with the forum state to satisfy due process requirements. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996); *Thomas v. Brown,* 504 F. App'x 845, 847 (11th Cir. 2013).

### A. Specific Jurisdiction under § 48.193(1)(a)(1)

To establish a court's jurisdiction under Fla. Stat. § 48.193(1)(a)(1), "the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* 421 F.3d 1162, 1167 (11th Cir. 2005) (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.,* 218 F.3d 1247, 1249 (11th Cir. 2000) (per curiam)). Factors that are relevant, but not dispositive, include whether an agreement itself was executed in Florida, *see Atlantis Marina & Yacht Club, Inc. v. R & R Holdings, Inc.,* 766 So. 2d 1163, 1165 (Fla. 3d DCA 2000)

or whether the defendant advertised in Florida, *see Pathman v. Grey Flannel Auctions, Inc.,* 741 F. Supp. 2d 1318, 1324 (S.D. Fla. 2010). Other important factors include:

> …the presence and operation of an office in Florida, *see Milberg Factors, Inc. v. Greenbaum,* 585 So.2d 1089, 1091 (Fla.Dist.Ct.App.1991), the possession and maintenance of a license to do business in Florida, *see Hobbs v. Don Mealey Chevrolet, Inc.,* 642 So.2d 1149, 1153 (Fla.Dist.Ct.App.1994), the number of Florida clients served, *see Milberg Factors, Inc.,* 585 So.2d at 1091, and the percentage of overall revenue gleaned from Florida clients, s*ee id.; Sculptchair, Inc.,* 94 F.3d at 628.

*Horizon Aggressive Growth, L.P.,* 421 F.3d at 1167.

It is undisputed that Defendant Ansur neither maintains an office in Florida nor has it ever had any directors, officers, or employees located in Florida. (EFC No. 19) It is also undisputed that Defendant does not advertise in Florida. *Id.* Additionally, Defendant does not own, use or possess real or personal property in Florida. *Id.* Plaintiff has not demonstrated that Defendant has any other clients in Florida, and if it does, Plaintiff has not provided the percentage of overall revenue gleaned from Florida clients.

Plaintiff contends that Defendant's status as a registered foreign corporation in the State of Florida is sufficient to satisfy specific jurisdiction. When an insurance company registers to do business in Florida it is "deemed to have appointed the Insurance Commissioner and Treasurer … to receive service of all legal process issued against it." Fla. Stat. Ann. § 624.422 (West 2014). Although the act of appointing an agent satisfies the minimum contacts requirement, "service must be completed in accordance with § 624.422 before the statute will subject the insurance company to the jurisdiction of the courts of this state." *Hobbs v. Don Mealey Chevrolet, Inc*., 642 So. 2d 1149, 1155 (Fla. 5th DCA 1994). Plaintiff does not allege that it complied with § 624.422. Furthermore, the facts in this case, taken collectively, do not show that Defendant was *operating, conducting, or carrying on a business* in this state to show or a general course of business activity in the state for pecuniary benefit.

### B. Specific Jurisdiction under § 48.193(1)(a)(7)

Plaintiff also asserts that Defendant is subject to Florida jurisdiction because it "breach[ed] a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. Ann. § 48.193(1)(a)(7) (West 2014). However, a

4

contractual duty to tender performance to a Florida resident is not in itself sufficient to satisfy the statute. *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1218 (11th Cir.1999). It is not enough that a foreign defendant merely contract with a Florida resident, or that performance under the contract could have been made in Florida; rather, the contract itself must *require* performance in Florida in order to invoke Florida jurisdiction. *Olson v. Robbie*, 141 So. 3d 636, 640 (Fla. 4th DCA 2014). Plaintiff claims only that Defendant's alleged failure to pay Plaintiff constitutes an act that confers jurisdiction under Florida's Long-Arm Statute. However, "[i]t is well-settled that a failure to pay money in Florida, without more, is insufficient to satisfy the constitutional due process minimum contacts requirement." *Banco Continental, S.A. v. Transcom Bank (Barbados), Ltd.*, 922 So.2d 395, 399 (Fla. 3d DCA 2006) (citing *Venetian Salami Co.,* 554 So.2d 499, 501 (Fla. 1989)). Defendant's failure to pay Plaintiff's insurance claim is insufficient to establish specific jurisdiction.

### C. General Jurisdiction under § 48.193(2)

Plaintiff also claims that general jurisdiction exists over nonresident Defendant. A defendant does not confer general jurisdiction on the courts of Florida by occasionally soliciting business there. *Fraser v. Smith*, 594 F.3d 842, 847 (11th Cir. 2010). Plaintiff places emphasis on the fact that Defendant is registered to do business in Florida coupled with the facts iterated above. In Florida, general jurisdiction exists over a nonresident defendant that "is engaged in substantial and not isolated activity within this state." Fla. Stat. Ann. § 48.193(2) (West 2014). Although earlier court decisions concluded that a defendant's registration to do business in Florida, in and of itself, is enough to find personal jurisdiction over that defendant, those decisions did "not take into account the minimum contacts requirement of due process." *In re Farmland Indus., Inc.,* No. 3:05-CV-587-J-32MCR, 2007 WL 7694308, at *11 (M.D. Fla. Mar. 30, 2007). "[R]egistration alone could not reasonably be seen as the 'substantial and not isolated activity' required by Florida's long-arm statute." *Id*; see also *Hobbs*, 642 So. 2d 1149 (finding that issuing one life insurance policy to a Florida resident and maintaining a certificate of authority to transact insurance in the state of Florida were not sufficiently substantial to subject insureer to the trial court's jurisdiction under section 48.193(2)).

The exercise of general jurisdiction is proper where the defendant has "continuous and systematic" general business contacts with the forum state, even if those contacts are

not related to the cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16 (1984). The due process contacts requisite to establishing general jurisdiction are more exacting than those for specific jurisdiction and as a consequence "the contacts must be especially pervasive and substantial to satisfy § 48.193(2)." *In re Farmland Indus., Inc.,* 2007 WL 7694308, at *3. In other words, Defendant's contacts with Florida must be "so continuous and systematic as to render [the Defendant] essentially at home in the forum state." *Daimler AG v. Bauman,* 134 S.Ct. 746, 761, 187 L. Ed. 2d 624 (2014). The isolated acts Plaintiff asserts are not so continuous and systematic as to render Defendant essentially at home. *In re Farmland Indus.,* 2007 WL 7694308, at *11. Consequently, this Court does not have general jurisdiction over nonresident Defendant Ansur under § 48.193(2).

### D. Due Process Analysis

"Even where there is facial jurisdiction under the Florida long-arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements." *Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639, 644 (Fla. 4th DCA 2013). Contracting with a Florida resident is not enough-- the plaintiff must demonstrate that the "defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida's courts." *Id.* "[T]he place of contracting as a test for determining the existence of personal jurisdiction has been abandoned in favor of a consideration of relationship factors like the prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing." *Gulf Atl. Transp. Co. v. Offshore Tugs, Inc.*, 740 F. Supp. 823, 829 (M.D. Fla. 1990) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478–479, 105 S.Ct. 2174, 2185–86)). Jurisdiction may be proper when a nonresident defendant enters into a contract with a Florida resident "for substantial services to be performed in Florida." *Metnick & Levy, P.A.*, 123 So. 3d at 644. However, "a nonresident insurer is not subject to suit in Florida simply because an insured paid premiums from Florida." *Walter v. Blue Cross & Blue Shield United of Wisconsin,* 181 F.3d 1198, 1204 (11th Cir. 1999); *see also Parliament Life Ins. Co. v. Eglin National Bank,* 333 So.2d 517, 518 (Fla. 1st D.C.A. 1976).

6

In the instant matter, due process requirements are not satisfied, as Defendant's contacts with this forum are insufficient to confer personal jurisdiction to a Florida court. This case centers on whether there is a breach because of Defendant's failure to pay Plaintiff's insurance claim. Florida courts have held that an investigation by an agent (in this case, Defendant Ansur hired an independent contractor) of the insured in Florida and/or refusal to pay the claim does not constitute a breach of contract in Florida so that jurisdiction would attach. *Kanawha Ins. Co. v. Morrison,* 394 So.2d 1147, 1147 (Fla. 4th DCA 1981). Further, the Policy in this case covers property in Georgia. The contemplated future consequence of the Policy was to obtain insurance coverage for a Georgia property. Contracting with a Florida resident to insure property in another state does not constitute substantial services being performed in Florida.

Because Defendant Ansur issued an insurance policy to cover property in Georgia, it could not have reasonably anticipated being haled into a Florida court on an insurance claim submitted by Plaintiff to cover vandalism and theft that occurred in another state. "The foreseeability that is critical to due process analysis is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there." *Meyer v. Auto Club Inc. Ass'n,* 492 So.2d 1314, 1316 (Fla. 1986). The only contacts that Defendant has with Florida are due to the fact that its insured has chosen to run its Georgia business from this state. Apart from this fact, the event that triggered this lawsuit occurred in Georgia and it is important to note that virtually all key witnesses are presumably located in Georgia.

### IV. Conclusion

For the reasons provided in this Order, Defendant Ansur America Insurance Company's Second Motion to Dismiss for Lack of Personal Jurisdiction (EFC No. 19) is **GRANTED**. This action is **DISMISSED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of March 2015.

_/s/ Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*